**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**JEREMY BLACKMON**                                              **CIVIL ACTION NO.**

**VERSUS**

**20-376-SDD-EWD**

**COMMISSIONER OF SOCIAL SECURITY**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 10, 2023.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JEREMY BLACKMON                                        CIVIL ACTION NO.

VERSUS
                                                       20-376-SDD-EWD
COMMISSIONER OF SOCIAL SECURITY

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jeremy Blackmon ("Plaintiff") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability insurance benefits ("DIB").[1] Plaintiff has filed a Memorandum in Support of Appeal[2] and the Commissioner has filed an Opposition Memorandum.[3]

Based on the applicable standard of review under 42 U.S.C. § 405(g), substantial evidence supports the Commissioner's decision, and the administrative law judge ("ALJ") applied the correct legal standards. Accordingly, it is recommended that the Commissioner's decision be affirmed.

### I. PROCEDURAL HISTORY

On or about April 30, 2018, Plaintiff filed an application for DIB[4] alleging disability beginning January 19, 2018.[5] At the time of the ALJ's decision, the Commissioner determined that the date Plaintiff will last meet the insured status requirements of the Social Security Act is

---

[1] *See* AR pp. 164-67 (application for DIB); and AR pp. 1-5 (Notice of Appeals Council Action). References to documents filed in this case are designated by "R. Doc. [docket entry number(s)] p. [page number(s)]." References to the record of administrative proceedings filed in this case are designated by "AR p. [page number(s)]."
[2] R. Doc. 20.
[3] R. Doc. 22.
[4] AR p. 10.
[5] AR pp. 87, 164, 198.

December 31, 2023.[6] The claim was initially denied on October 23, 2018.[7] Thereafter, Plaintiff timely requested a hearing before an ALJ.[8] A hearing was held on October 24, 2019, at which Plaintiff, who was represented by counsel, testified.[9] Vocational Expert Christi McCaffery Lamandre ("VE") also testified.[10] On November 18, 2019, the ALJ issued a notice of unfavorable decision.[11] Plaintiff timely requested review by the Appeals Council.[12] Plaintiff was represented by counsel in his request for review.[13] On April 13, 2020, the Appeals Council denied Plaintiff's request for review.[14]

On June 17, 2020, Plaintiff timely filed his Complaint in this Court.[15] Accordingly, Plaintiff exhausted his administrative remedies before timely filing this action for judicial review and the ALJ's decision is the Commissioner's final decision for purposes of judicial review.[16]

## II.    Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards.[17]

---

[6] AR p. 12. Plaintiff's June 20, 2019 certified earnings record also reflects a date last insured of December 31, 2023. AR p. 168. At the time of the applications, however, the Commissioner determined that Plaintiff's date last insured was December 31, 2022. AR p. 198-200. The date last insured is not at issue in this appeal.
[7] AR pp. 85, 103-06.
[8] AR pp. 109-10.
[9] AR p. 108 (appointment of representative); AR pp. 126-48 (notice of hearing); AR pp. 53-84 (transcript of hearing) and *see* Plaintiff's pre-hearing brief at AR pp. 232-33.
[10] AR pp. 230-31(resume).
[11] AR pp. 7-26.
[12] AR pp. 27-28, 161-62.
[13] AR pp. 162-63 (Plaintiff's appeal brief through counsel).
[14] AR pp. 1-5.
[15] R. Doc. 1.
[16] *See* 20 C.F.R. § 404.981 ("The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision. The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised. You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action.").
[17] *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

2

### III.   PLAINTIFF'S ASSIGNMENTS OF ERROR

Plaintiff has asserted two narrowly drawn assignments of error. Plaintiff primarily argues that the ALJ erred when she failed to account for Plaintiff's moderate limitation in concentration, persistence and pace in her determination of Plaintiff's residual functional capacity ("RFC").[18] Plaintiff secondarily argues that the erroneous RFC resulted in a flawed step 5 finding that Plaintiff can perform other work in the national economy despite his limitations.[19]

### IV.   LAW AND ANALYSIS

If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed.[20] Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance.[21] A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.[22] Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, it must be affirmed even if there is evidence on the other side.[23] In applying the substantial evidence standard, the court must review the entire record as whole, but may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision.[24]

---

[18] R. Doc. 20, pp. 2-3 ("Instead, the ALJ found that the claimant suffers a moderate limitation in concentration and persistence and pace to do a regular eight hour job. R. 20. However, when the ALJ defined what residual limitations that the claimant's disabilities produce, the ALJ does not include any limitation for the claimant's ability to concentrate and persistence and pace to do a regular eight hour job. Excluding this limitation after finding in another part of the decision that the claimant suffers from a moderate disability in this regard is crucial.").
[19] R. Doc. 20, pp. 2-3.
[20] *Richardson v. Perales*, 402 U.S. 389-90, 401 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (superseded by statute on other grounds, *see Stancle v. Colvin,* No. 15-405, 2016 WL 3172784, at *8, n. 11 (E.D. Tex. June 7, 2016)).
[21] *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).
[22] *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001), quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000).
[23] *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).
[24] *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000), citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).

Here, the ALJ applied the correct legal standards and substantial evidence supports her findings.

### A. Substantial Evidence Supports the ALJ's Crafting of Plaintiff's RFC

At step 2[25] of the sequential analysis, the ALJ found that Plaintiff has a number of severe impairments, including but not limited to, the mental impairments of post-traumatic stress disorder ("PTSD"), borderline personality disorder, attention deficient disorder, and a history of substance abuse.[26] At step 3, the ALJ evaluated the four areas of mental functioning in the revised "paragraph B" criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 as applicable to Plaintiff's severe mental impairments.[27] As noted by Plaintiff, as to the third paragraph B criteria of concentrating, persisting or maintaining pace, the ALJ found that Plaintiff had a moderate limitation[28] based upon the hearing record.[29] Plaintiff does not contest these findings; rather, he primarily contests the ALJ's findings at the next step, which is the ALJ's formulation of the RFC.

The responsibility to determine a plaintiff's RFC belongs to the ALJ.[30] In making an RFC determination, the ALJ must consider all of the record evidence and determine a plaintiff's abilities despite his physical and mental limitations.[31] The ALJ must consider the limiting effects of an

---

[25] In the five-step sequence used to evaluate claims for benefits, the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe medically determinable impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations; (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d at 271.
[26] AR p. 13. The ALJ found that Plaintiff's severe impairments also included lumbar degenerative disc disease, diabetes mellitus, carpal tunnel syndrome, left foot drop, hypertension, obesity, and opioid use disorder. *Id.*
[27] AR pp. 14-15.
[28] The state agency psychologist assigned only a mild limitation in this criterion, which the ALJ increased to moderate. AR pp. 15, 93.
[29] AR p. 15. The ALJ found that Plaintiff had a mild limitation in the first criteria of understanding, remembering, or applying information, and moderate limitation in the second and fourth criteria of interacting with others and adapting or managing oneself. However, the ALJ found that Plaintiff's mental impairments did not meet or medically equal the criteria of Listings 12.08 (Personality and impulse-control disorders), 12.11 (Neurodevelopmental disorders), or 12.15 (Trauma- and stressor-related disorders) because Plaintiff did not have an extreme limitation in one of the paragraph B criteria, or a marked limitation in two of the paragraph B criteria. AR pp. 14-15.
[30] *Calvert v. Colvin*, No. 14-404, 2016 WL 3906821, at *3 (W.D. Tex. July 14, 2016), citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).
[31] *Calvert*, 2016 WL 3906821, at *3 citing *Martinez*, 64 F.3d at 176.

individual's impairments, even those that are non-severe, and any related symptoms.[32] The relative weight to be given the evidence is within the ALJ's discretion.[33] The ALJ is not required to incorporate limitations in the RFC that she does not find to be supported in the record.[34]

> Regarding Plaintiff's RFC in this case, the ALJ determined:
>
>> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he is limited to occasional kneeling, stooping, crouching, and crawling. The claimant can never climb. He can frequently handle and finger bilaterally.[35] The claimant can perform unskilled work as defined in the Dictionary of Occupational Titles (DOT) with few, if any, changes in a routine work setting and occasional interaction with the general public, coworkers, and supervisors.[36]

The ALJ explained that the RFC assessment "reflects the degree of limitation the undersigned has found in the paragraph B mental function analysis."[37] To support her assignment of unskilled work with the additional limitations of few changes in routine and occasional interaction with others, the ALJ cited the evidence of record, specifically noting that while the medical records indicated Plaintiff's "long history of treatment" for his severe mental impairments, his symptoms were controlled with medication.[38] Although some symptoms of anxiety and depression continued, the ALJ noted that Plaintiff's "mental status examination showed his ability to concentrate and his memory were intact."[39] Further, Plaintiff was in a special opioid abuse program and had reported

---

[32] *Calvert,* 2016 WL 3906821, at *3, citing 20 C.F.R. §§ 404.1529, 404.1545 and SSR 96-8p.
[33] *Calvert,* 2016 WL 3906821, at *3, citing *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).
[34] *Calvert,* 2016 WL 3906821, at *3, citing *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).
[35] Plaintiff does not dispute the ALJ's RFC for sedentary work with the referenced nonexternal limitations.
[36] AR p. 15.
[37] *Id.*
[38] AR p. 19 and *see* AR pp. 243-44 (4/21/18 psychiatry note of visit with Dr. Johnny Simpson indicating Plaintiff "relates 'being better'," would continue on treatment plan and medication therapy as he is "relatively stable from the standpoint of his mood and trauma," and that Plaintiff was "not interested in more intense counseling"); AR pp. 784, 789 (1/30/19 psychiatry note of visit with Dr. Joel Podolsky for medication management, noting diagnosis of PTSD and opioid use disorder but that Plaintiff reported being "good" and not depressed, and "Blackmon is stable on medication and when not subjected to undue stress.).''
[39] AR p. 19 and AR pp. 242-43 (4/21/18 record reflecting Plaintiff's memory was grossly intact); AR p. 253 (3/17/18 visit reflecting same); AR p. 449 (7/2/18 visit reflecting same despite Plaintiff's report that he felt memory was not good); AR p. 789 (1/30/19 record reflecting Plaintiff's memory was grossly intact). As for concentration, *see*

5

sobriety since approximately February-March 2018.[40] Thus, the RFC for unskilled work with few changes in routine and occasional interaction with others is consistent with the medical records showing that Plaintiff's symptoms are controlled with medicine and his maintenance of sobriety.[41]

Furthermore, Plaintiff has not shown that an RFC for unskilled work would not adequately account for Plaintiff's moderate limitation in concentration, persistence, or pace. Unskilled work is work that "requires little to no judgment to do **simple duties** that can be learned on the job in a short period of time (30 days or less)."[42] A "moderate limitation" indicates that a plaintiff's ability to function independently, appropriately, and effectively, and on a sustained basis is "fair."[43] Therefore, Plaintiff's RFC for unskilled work, which involves simple duties that can be learned in a short time frame and require little to no judgment, is consistent with the ALJ's determination that Plaintiff has fair ability to function appropriately, effectively, and on a sustained basis in concentrating, persisting, and pacing on the job.

---

Plaintiff's hearing testimony that he earned an associate degree (but could not maintain concentration to get bachelor's degree), can drive and follow GPS directions, engages in activities with his children, including watching his stepson run track, and he works with and trains his service dog. AR pp. 62, 64-65, 69-71. Notably, Plaintiff admitted he was not taking (and had not taken for years) medication to control his attention deficit disorder, suggesting that Plaintiff did not feel his condition was sufficiently severe to warrant medication. AR pp. 783-84 (1/30/19 psychiatry visit noting "Hasn't been on ADD meds for years.")

[40] AR pp. 18-19 and *see* AR p. 242 (4/21/18 record noting Plaintiff was going to the Baton Rouge Treatment Center for opiate substitution treatment with prescription for methadone but had used once since beginning treatment; asked for increase of methadone); AR p. 714 (8/19/19 record of primary care visit with G. Chen noting "off heroin and oxycodone since 02/18."). *See also* AR p. 784 (1/30/19 psychiatry visit noting that Plaintiff's heroin addiction was from 2016 to 2018, that Plaintiff had been visiting the methadone clinic daily since March 2018, and that he was no longer on opiates).

[41] While the treatment records reflect some possible relapses of substance abuse after February 2018, they also demonstrate that Plaintiff consistently sought treatment, including the use of methadone. *See, e.g.,* AR p. 242 (4/21/18 record reflecting substance abuse treatment), AR p. 449 (7/2/18 psychiatry note reflecting Plaintiff was still going to opiate substitution treatment). By the time of the October 24, 2019 hearing, Plaintiff stated that his substance abuse problems had been "resolved" for approximately four to five months. AR pp. 67-68. *See also* Plaintiff's testimony that he was attending counseling at the VA. AR p. 68.

[42] Social Security Administration Program Operations Manual System, DI 25015.017(C)(4), Transferability of Skills Assessment (June 21, 2017) (emphasis added) and *see* Titles II & XVI: Work Skills & Their Transferability As Intended by the Expanded Vocational Factors Reguls. Effective Feb. 26, 1979, SSR 82-41, 1982 WL 31389 (Jan. 1, 1982).

[43] 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12:00F(2)(c). As the Commissioner points out, Plaintiff has not argued that the ALJ should have assigned a more restrictive rating to any of the four paragraph B criteria (*i.e.*, a marked or extreme limitation). R. Doc. 22, p. 7.

The ALJ's RFC is consistent with the pertinent legal standards. While the ALJ must consider a plaintiff's paragraph B functional limitations when determining the mental RFC, "he is not required to incorporate them into his RFC assessment 'word-for-word.'"[44] The Fifth Circuit has held, "[R]estrictions to rare public interaction, low stress, and simple, one- to two-step instructions reflect that the ALJ reasonably incorporated [the claimant's] moderate concentration, persistence, and pace limitations…."[45] Additionally, "a limitation to simple work—not merely simple work consisting of only one-, two-step instructions—sufficiently accounts for a moderate limitation in concentration, persistence, and pace.[46] This Court has also recognized that an RFC limited to "simple, routine, repetitive tasks" adequately accounted for the plaintiff's moderate limitation in concentration, persistence, or pace: "The bulk of district courts in this circuit have followed *Bordelon* and held that an RFC limited to simple work reasonably incorporates a moderate, or in some cases marked, limitation in concentration, persistence, or pace."[47]

---

[44] *Berry v. Astrue,* No. 11-2817, 2013 WL 524331, at *22 (N.D. Tex. Jan. 25, 2013), *report and recommendation adopted,* No. 11-2817, 2013 WL 540587 (N.D. Tex. Feb. 13, 2013), citing *Westover v. Astrue,* No. 11-816, 2012 WL 6553102, at *8 (N.D. Tex. Nov. 16, 2012), *report and recommendation adopted,* No. 11- 816, 2012 WL 6553829 (N.D. Tex. Dec. 13, 2012) (other citations omitted).

[45] *Bordelon v. Astrue,* 281 Fed.Appx. 418, 423 (5th Cir. 2008) (affirming denial of benefits and holding that the ALJ's hypothetical to the VE that was patterned after the claimant's RFC and incorporated the referenced restrictions adequately accounted for the plaintiff's moderate limitations in the third paragraph B criteria). While this decision predates the January 7, 2017 effective date of the revised paragraph B criteria, the third criteria of concentration, persistence or pace remained the same in both versions of the paragraph B criteria. *See* the Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138-01, 2016 WL 5341732 (Sept. 26, 2016) and *see, e.g., Shears v. Saul,* No. 18-166, 2019 WL 8501100, at *5 (N.D. Tex. Dec. 2, 2019), *report and recommendation adopted,* No. 18-166, 2020 WL 830508 (N.D. Tex. Feb. 20, 2020) (comparing current and prior paragraph B criteria).

[46] *Hariman v. Comm'r, SSA,* No. 18-377, 2019 WL 4727417, at *2 (E.D. Tex. Sept. 27, 2019).

[47] *Jackson v. Astrue,* No. 16-479, 2017 WL 3996437, at *5 (M.D. La. Aug. 2, 2017), *report and recommendation adopted,* No. CV 16-479, 2017 WL 3996414 (M.D. La. Sept. 11, 2017), citing *Herron v. Colvin*, 2017 WL 2615445, at *8 (W.D. Tex. June 16, 2017) (finding a hypothetical limiting an individual to "simple, routine tasks, SVP 3 level tasks, or lower semi-skilled jobs" adequately reflected the plaintiff's moderate concentration, persistence, and pace limitations); *Fitzpatrick v. Colvin*, 2016 WL 1258477, at *11-12 (N.D. Tex. Mar. 31, 2016) (finding ALJ considered moderate difficulty with regard to concentration, persistence, and pace when her RFC limited the claimant to understanding, remembering, and carrying out "short simple routine instructions in a simple work environment" and making judgment "on simple routine work instructions"); *Gautro v. Colvin*, 2016 WL 7742826, at *12 (W.D. La. Sep. 2, 2016) (finding ALJ's hypothetical that included a limitation in one, two, or three-step work "implicitly incorporates" moderate limitation in concentration, persistence, and pace), *report and recommendation adopted*, 2017 WL 104463 (W.D. La. Jan. 10, 2017); *Ledet v. Colvin*, 2016 WL 3079026, at *14-15 (E.D. La. May 3, 2016), *report and recommendation adopted*, 2016 WL 306139 (E.D. La. May 31, 2016), 2016 WL 306139 (E.D. La. May 31, 2016); *Urrutia v. Colvin*, 2016 WL 1161794 (N.D. Tex. Mar. 24, 2016) ("If the ALJ considered the moderate restrictions in

7

Accordingly, Plaintiff's RFC for unskilled work with few changes in routine and occasional interaction with others was based on the applicable legal standards and substantial evidence supports that the ALJ's RFC determination adequately accounted for Plaintiff's moderate limitation in the third paragraph B criteria.

### B. Substantial Evidence Supports the ALJ's Finding that Plaintiff Can Perform Other Work in the National Economy

Plaintiff next argues, "Both the vocational rehabilitation expert who testified at the hearing and Pat Clifford ["Clifford"], the vocational rehabilitation expert whose report was submitted by the claimant, both stated that when you include the claimant's disability to be able to concentrate and persistence and pace to do a regular eight hour job, there are no jobs in the national economy on a competitive basis."[48]

The ALJ's first hypothetical to the VE at the hearing incorporated Plaintiff's younger age, education and work experience, and the RFC limitations for unskilled work with few changes in routine and occasional interaction with others. The VE testified that, taking Plaintiff's age, education, work experience and limitations into account, there were other jobs that Plaintiff could perform in the national economy.[49]

For his argument, Plaintiff relies on the VE's testimony in response to the ALJ's modified hypothetical that included a restriction that a claimant would be off task at least 20 percent of the

---

Urrutia's concentration, persistence, or pace when determining the RFC, and this RFC finding is supported by substantial evidence, it was not necessary for the ALJ to directly include in her hypothetical a limitation on concentration, persistence, or pace.")(other citations omitted).
[48] R. Doc. 20, p. 3.
[49] AR p. 82 and *see* AR p. 22. Plaintiff has an associate degree, can communicate in English, has experience in holding various occupations during the relevant period, and was 35 years old on the alleged onset date. AR pp. 21, 56-57, 62, 72-78. The ALJ found the VE's testimony consistent with the DOT and adopted her testimony that Plaintiff can perform other jobs that exist in significant numbers in the national economy, such that he is not disabled. AR p. 22.

work day. Under those facts, the VE testified that the individual would not be able to maintain full time employment.[50]

It is the province of the ALJ to craft the RFC, and the ALJ did not incorporate the 20 percent off task restriction into Plaintiff's RFC. As noted above, Plaintiff has not shown error in the ALJ's RFC that restricted Plaintiff to unskilled work with few changes in routine and occasional interaction with others.

Finally, the ALJ reviewed and rejected the Independent Vocational Assessment provided by Plaintiff's vocational expert, Patrick Clifford ("Clifford").[51] Based upon his review of one Veterans Administration ("VA") exam, Clifford opined that Plaintiff's psychiatric symptoms include a "significant interruption in his ability to complete tasks, follow direction, or concentrate on a daily basis," which preclude him from working in "all types of employment regardless of physical demand or skill level."[52] According to Clifford, Plaintiff's symptoms would prevent Plaintiff from being able to maintain a regular and predictable work schedule or to meet the pace and production demands required in even sedentary jobs.[53] Significantly, however, the ALJ found that Clifford was not an acceptable medical source.[54] The ALJ further found that Clifford's opinion that Plaintiff would have excessive absences and extreme limitations in interaction were "inconsistent with the evidence of record. Thus, the opinion is not persuasive."[55] It is the province

---

[50] AR p. 83.
[51] AR pp. 20-21, citing AR pp. 600-02.
[52] AR pp. 601-02, specifically citing a June 15, 2012 VA exam. The ALJ noted that disability ratings and criteria for Veterans Affairs are different than that of the social security program such that any disability assessment by VA is not determinative. AR p. 21.
[53] AR p. 602.
[54] Clifford is a certified vocational evaluator, which is not one of the listed acceptable medical sources in 20 C.F.R. § 404.1502(a) (cited by the ALJ at AR p. 20).
[55] AR p. 20. The ALJ also correctly found that Clifford's opinion regarding Plaintiff's inability to work had no probative value because that is an issue reserved to the Commissioner. AR p. 20 and see *Martinez*, 64 F.3d at 176 ("[T]he ALJ has sole responsibility for determining a claimant's disability status."). As Clifford's assessment is from a non-medical source, the ALJ was not required to articulate how she considered it using the supportability and consistency factors in the revised rules for evaluating medical evidence. *See* 20 C.F.R. § 404.1520c(d).

9

of the ALJ to weigh and resolve conflicts in the evidence.[56] As discussed above, the ALJ relied on evidence which demonstrates that Plaintiff's symptoms were controlled with medication, and that his ability to concentrate and memory were intact.[57]  Therefore, substantial evidence supports the ALJ's rejection of Clifford's opinion as inconsistent with the evidence of record and unpersuasive.

## V.  RECOMMENDATION

Review of the record shows that the ALJ applied the proper legal standards, and that substantial evidence supports the determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** under sentence four of 42 U.S.C. § 405(g), that the final decision of the Acting Commissioner of Social Security be **AFFIRMED,** and that this action be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on February 10, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[56] *Chambliss,* 269 F.3d at 522 (the ALJ has the primary responsibility for resolving conflicts in the evidence).
[57] *See* the footnotes *above* for citations to the supporting record evidence.